**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER A. COLEGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-434 RLW |
| | ) | |
| CHRIS MCBEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Jennifer A. Colegrove's

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  (ECF

No. 1.)   Petitioner is currently incarcerated at the Chillicothe Correctional Center.   For the

following reasons, the Court will deny the Petition.

### Procedural History

Petitioner pleaded guilty to one count of first-degree assault on October 30, 2013, in

Lincoln County Circuit Court, State of Missouri.  State v. Colegrove, No. 13L6-CR00540 (45th

Jud. Cir., State of Mo.).  The charge stemmed from Petitioner stabbing her husband, Gregory

Heidbrink, on April 9, 2013.  In addition to the first-degree assault charge, Petitioner was charged

with one count of armed criminal action relating to the stabbing.  Pursuant to a plea agreement

with the State, Petitioner agreed to plead guilty to the first-degree assault charge in exchange for

the State dismissing the armed criminal action charge and recommending that the plea court

suspend imposition of Petitioner's sentence and place her on five years' probation.

The plea court followed the State's recommendation and sentenced Petitioner to a suspended imposition of sentence and five years' probation.  (Resp. Ex. 3, ECF No. 11-3 at 30.)[1] Petitioner subsequently violated the conditions of her probation and it was suspended several times.  The plea court revoked Petitioner's probation following a hearing on February 23, 2016, and imposed a term of fifteen years' imprisonment.  (Id. at 43.)

Petitioner did not file a direct appeal but timely filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035 on June 20, 2016. (Id. at 143-53.)  Appointed counsel filed an Amended Motion Under Rule 24.035 that the motion court treated as timely filed.  (Id. at 160-68, 172.)  The motion court conducted an evidentiary hearing on the Rule 24.035 motion on June 2, 2017 (PCR Hrg. Tr., Resp. Ex. 2, ECF No. 11-2), and entered its Findings of Fact, Conclusions of Law, Order and Judgment denying the motion on July 31, 2017.  (Resp. Ex. 3, ECF No. 11-3 at 175-81.)

Petitioner appealed the denial of her Rule 24.035 motion on August 30, 2017.  The Missouri Court of Appeals affirmed the motion court's denial of postconviction relief on September 11, 2018.  Colegrove v. State, No. ED 105877, 557 S.W.3d 522 (Mo. Ct. App. 2018) (per curiam) (unpublished mem.) (Resp. Ex. 7, ECF No. 11-7).  The Missouri Court of Appeals issued its Mandate on October 5, 2018.  (Resp. Ex. 9, ECF No. 11-9.)

**Grounds Raised**

Petitioner filed the instant Petition for habeas relief in federal court on March 4, 2019. (ECF No. 1.)  Respondent filed a response in opposition with supporting exhibits on April 18, 2019. (ECF No. 11.)  Petitioner did not file a reply in support of her Petition.  The Petition raises the following grounds:

---

[1]All references to page numbers herein are to the Court's CM/ECF pagination at the top of the referenced pages.

(1) The "motion court erred in denying Petitioner's claim that her trial attorney was ineffective for failing to advise her that she had a potential claim of self-defense to her charge." (ECF No. 1 at 5);

(2) Petitioner was denied due process of law as she was "denied . . . the opportunity to use self-defense and/or Battered Spouse Syndrome as her defense." (Id. at 6);

(3) The motion court and court of appeals "erred in failing to respond to issues raised in motion and Legal File that supported claim.  There was evidence presented to support [Petitioner's] claims of self-defense, Battered Spouse Syndrome, etc., and ineffectiveness of counsel." (Id. at 8); and

(4) "Victim not seriously injured – was witness for defense, the State had no victim, plea was forced, co[erced] using child custody as bargining [sic] chip." (Id. at 9.)

A district court may dismiss a habeas petitioner's motion without an evidentiary hearing if "(1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (internal quotation marks omitted) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).  Because the Court determines that Petitioner's claims do not warrant habeas relief on their face, it will deny the Petition without an evidentiary hearing.

**Factual Background**

The basic facts of the underlying criminal case are contained in the transcript of Petitioner's guilty plea hearing, as follows:

Q. (By the Court) Ms. Colegrove, do you know of any legal reason why you should not enter your Plea of Guilty today in both of these causes?[2]

---

[2]Petitioner was charged with the class D felony of attempted stealing in a separate case in Lincoln County Circuit Court, for which she was convicted and sentenced to four years in the Missouri Department of Corrections. (Cause No. 13L6-CR00025.)  Petitioner entered a guilty plea in both attempted stealing case and the first-degree assault case at the same hearing. (Plea Tr., Resp. Ex. 3, ECF No. 11-3 at 4.)  The motion court subsequently agreed with Petitioner's assertion that the class D felony of attempted stealing was actually a misdemeanor offense under State v. Bazell, 497 S.W.3d 263 (Mo. 2016) (en banc), and concluded her sentence for that offense exceeded the maximum allowed by law.  The motion court amended the conviction and sentence to a class C misdemeanor and resentenced her to fifteen days' imprisonment. (Resp. Ex. 3, ECF No. 11-3 at 175-81.)x  The attempted stealing case is not at issue in the instant federal habeas matter.

3

A. No.

Q. Is your Plea of Guilty today a result of discussions you've had with your attorneys?

A. Yes.

Q. Is it also a result of discussions your attorneys have had with the Prosecuting Attorney in working out the Plea Agreement and other matters today?

A. Yes.

Q. Do you understand that in the cause ending in 540, the Prosecuting Attorney is actually filing a dismissal as to Count II, Armed Criminal Action at the conclusion of your plea today?

A. Yes.

Q. Okay. Are you entering this Plea of Guilty here today freely and voluntarily on your part?

A. Yes.

Q. Has anyone made any promises to you to get you to plead guilty today other than the Plea Agreement you've heard today?

A. No.

Q. Is anyone forcing you or threatening you to get you to plead guilty?

A. No.

Q. You heard those offenses as previously recited.  Did you indeed commit these offenses?

A. Yes.

. . . .

Q. As to the cause ending in 540, on or about April 9, 2013, did you stab another person, namely a Gregory Heidbrink?

A. Yes.

Q Was that conduct a substantial step toward the commission of the crime of attempting to cause serious physical injury to that person?

A. Yes.

Q. Did you stab him for the purpose of committing such assault?

A. Yes.

Q. As a result, did you actually inflict serious physical injury on a Gregory Heidbrink?

A. Yes.

4

THE COURT: The Court will accept the defendant's Plea of Guilty here today in both causes, admitting into evidence Defendant's Exhibit A, in both Cause 13L6-CR00025-01 and 13L6-CR00540.

The Court will accept the defendant's Plea of Guilty to D Felony Attempted Stealing and A Felony Assault in the First Degree, finding that Ms. Colegrove entered her Pleas of Guilty here today intelligently, voluntarily and with understanding of her rights and the nature of the charges.

(Plea Tr., Resp. Ex. 3, ECF No. 11-3 at 61-64.)  Additional facts relevant to the first-degree assault conviction are discussed below, in connection with Petitioner's grounds for relief.

## Legal Standard

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal courts review state court decisions under a deferential standard.  Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999).  Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) (citing § 2254(a)).

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules.  Duncan v. Henry, 513 U.S. 364 (1995) (per curiam); Beaulieu v. Minnesota, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted).  In Missouri, "a claim must be presented 'at each step of the judicial process' in order to avoid procedural default."  Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).  If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which she may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Martinez v. Ryan, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). See Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time the petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief. Instead, the State court's application of the law must be objectively unreasonable. Id. at 409-11; Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011).

Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, State court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Rice v. Collins, 546

U.S. 333, 338-39 (2006); Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007).  Erroneous findings of fact do not automatically require the grant of habeas relief, however.  Instead, the determination of these facts must be unreasonable in light of the evidence of record.  Collier, 485 F.3d at 423; Weaver v. Bowersox, 241 F.3d 1024, 1030 (8th Cir. 2001).

Federal courts are "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions."  Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003).  "To obtain habeas relief from a federal court, a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  Metrish v. Lancaster, 569 U.S. 351, 358 (2013) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).  This standard is "difficult to meet."  Id.

**Procedurally Defaulted Claims**

In Ground Four, liberally construed, Petitioner asserts there was no factual basis for her guilty plea because she did not cause physical injury to the victim, and her plea was involuntary because she was coerced into entering it by a threat relating to child custody.  Petitioner raises this ground for the first time in her federal habeas Petition.

To preserve issues for federal habeas review, a state prisoner must fairly present her claims to state courts during direct appeal or in post-conviction proceedings.  Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997).  A claim must be presented at each step of the judicial process in state court in order to avoid procedural default.  Jolly, 28 F.3d at 53.  Where a prisoner has defaulted her federal claims in state court pursuant to an independent and adequate state procedural rule, such as failing to raise claims on appeal, federal habeas review of the claims is barred.  Coleman, 501 U.S. at 750.  This Court may review the merits of the claim only if cause is shown for the default and actual prejudice resulted from the alleged constitutional violation, or if Petitioner

shows that a fundamental miscarriage of justice would occur if the Court were not to address the claim.  Id.

Ineffective assistance of counsel can, in some instances, constitute cause for excusing a procedural default, but at the very least it must be ineffectiveness that rises to the level of a Sixth Amendment violation.  See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).  Petitioner asserts that she raised the issues in Ground Four with post-conviction counsel, but counsel "had 3 arguments with" her and put "false untrue statement in her petition."  (ECF No. 1 at 9.)

While post-conviction counsel's ineffectiveness can provide "cause" for excusing a defaulted ineffective assistance of trial counsel claim, see Martinez v. Ryan, 566 U.S. at 9, Martinez does not extend beyond claims of ineffective assistance of trial counsel.  Dansby v. Hobbs, 766 F.3d 809, 833-34 (8th Cir. 2014).  Because Ground Four is not a claim of ineffective assistance of plea/trial counsel, Petitioner cannot rely on Martinez to excuse her procedural default. As a result, Petitioner fails to demonstrate cause for her procedural default.  If a prisoner fails to demonstrate cause, the Court need not address prejudice.  Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007).

Nor has Petitioner shown that a fundamental miscarriage of justice would occur if the Court does not review the merits of the claims.  Petitioner has presented no new evidence of actual innocence, nor has she shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006); Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997).  Further, Petitioner's claims in Ground Four are controverted by her sworn testimony at the guilty plea hearing.  See Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) ("[D]ispositions by guilty plea are accorded a great measure of finality. Thus, once a person has entered a guilty plea any 'subsequent presentation of conclusory

allegations unsupported by specifics is subject to summary dismissal[.]'") (quoting <u>Blackledge v.</u>
<u>Allison</u>, 431 U.S. 63, 71, 74 (1976)).

Consequently, the claims in Ground Four are procedurally barred from habeas review and
will be dismissed.

**Claims Addressed on the Merits**

The record shows that Petitioner properly raised the following claims in State court and the
Missouri Court of Appeals denied relief on review of the merits.  The Court turns to the merits of
the claims, exercising limited and deferential review of the underlying State court decisions as
required by the AEDPA.

A. <u>Grounds One and Two –Ineffective Assistance of Counsel – Failure to Advise Petitioner of</u>
   <u>Claim of Self-Defense and that Battered Spouse Syndrome Could Have Been Applied to</u>
   <u>the Self-Defense Claim</u>

In Grounds One and Two, Petitioner asserts that the motion court erred in denying her
claims that her plea counsel was ineffective for failing to advise her that she had a potential claim
of self-defense to the first-degree assault charge, and for failing to advise her that battered spouse
syndrome could have been applied to the self-defense claim.

Respondent argues that the decision of the Missouri Court of Appeals denying these claims
on the merits is reasonable and entitled to deference.  The Missouri Court of Appeals identified
and discussed the law and applied it to the facts relevant to the claims on Petitioner's appeal from
the denial of her Rule 24.035 motion as follows:

> "In order to prevail on a claim of ineffective assistance of counsel, a movant
> must show by a preponderance of the evidence (1) that his attorney failed to
> exercise the customary skill and diligence that a reasonably competent attorney
> would perform under similar circumstances, and (2) that he was prejudiced
> thereby."  *Whitehead v. State*, 481 S.W.3d 116, 122 (Mo. App. E.D. 2016);
> *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  If a movant fails to prove
> either prong of the ineffective assistance of counsel test, the claim fails and we need
> not examine the other prong. *Ballard v. State,* 500 S.W.3d 294, 299-300 (Mo. App.
> E.D. 2016).  "[I]n order to prevail on an ineffective assistance of counsel claim

9

following a guilty plea, a movant must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." *Whitehead,* 481 S.W.3d at 123.  It is presumed that counsel's performance was both reasonable and effective.  *Id.* at 122.  A movant may demonstrate that she was prejudiced by showing that, but for counsel's ineffective assistance, she would not have pleaded guilty and would have instead insisted upon going to trial.  *Voegtlin v. State,* 464 S.W.3d 544, 552 (Mo. App. E.D. 2015).

In Movant's two points on appeal, she argues that the motion court clearly erred in denying her Rule 24.035 motion because she demonstrated by a preponderance of the evidence that her plea counsel was ineffective by (1) failing to advise her that she could have claimed self-defense to the first-degree assault charge, and (2) by failing to advise her that battered spouse syndrome could have been applied to the self-defense claim.  Movant further claims that she would not have pleaded guilty absent her plea counsel's failures, and was thereby prejudiced. However, Movant has failed to show by a preponderance of the evidence that her plea counsel failed to inform her on self-defense or failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances by failing to advise her on battered spouse syndrome, or that she was prejudiced as a result.

At the time Movant committed the assault and was advised by her plea counsel, a defendant claiming self-defense was required to "present substantial evidence that, (1) he did not provoke or was not the aggressor; (2) he had reasonable grounds for believing he was faced with immediate danger of serious bodily harm; (3) he did not use more force than was reasonably necessary; and (4) he did everything in his power and consistent with his own safety to avoid the danger."[3] *State v. Whipple,* 501 S.W.3d 507, 517 (Mo. App. E.D. 2016).  "However, self-defense, as a legal defense, generally cannot occur where the accused denies committing the underlying act for which [he or she] is charged."  *Jones v. State,* 495 S.W.3d 789, 791 (Mo. App. E.D. 2016).  "Barring exceptional circumstances, '[s]elf-defense is an *admission by the person invoking the defense* that the person committed the alleged act.'"  *Id.* (quoting *State v. Houcks,* 954 S.W.2d 636, 639 (Mo. App. W.D. 1997)) (emphasis in original).

At the evidentiary hearing before the motion court, only the police report from Movant's first-degree assault charge and testimony by Movant and her plea counsel were presented.  During her testimony at the evidentiary hearing, Movant stated that her plea counsel did not discuss any potential defenses to the first-degree assault charge (including self-defense) and did not explain how battered spouse syndrome would affect a self-defense claim.  Movant further testified

---

[3]The self-defense standard stated in *Whipple* was superseded by statute, as stated in *State v. Kendrick,* 550 S.W.3d 117 (Mo. App. W.D. 2018).  But at the time Movant pleaded guilty, the standard articulated in *Whipple* was applicable.  When reviewing an ineffective assistance of counsel claim, counsel's conduct is evaluated using what the law is at the time of proceedings.  *Zink v. State,* 278 S.W.3d 170, 187 (Mo. banc 2009).

that her plea counsel never truly investigated the circumstances of the charges against her or searched for evidence supporting Movant's innocence.  Movant also admitted that she lied during her testimony at the plea hearing when she stated that she actually stabbed Victim; however, when questioned further by the motion court about what actually occurred, Movant repeatedly contradicted her own testimony and eventually invoked her Fifth Amendment right against self-incrimination to avoid perjuring herself.

Movant's plea counsel's testimony at the evidentiary hearing significantly contradicted Movant's testimony.  Movant's plea counsel testified he advised Movant that a self-defense claim would be unlikely to succeed at trial because Movant's initial description to police regarding events leading to Victim being stabbed did not align with the physical evidence[4] and that Movant changed her story when talking to police about what happened.  In addition to stating that he explained the weakness of a self-defense claim to Movant, Movant's plea counsel stated that he did not advise Movant on the applicability of battered spouse syndrome because he did not think it applied in this case.  Movant's plea counsel explained that he did not think battered spouse syndrome applied because a neighbor witnessed that Victim had locked Movant outside the residence (giving Movant the opportunity to leave), and that at some point after Victim let Movant back inside, Movant stabbed Victim.  Movant's plea counsel also pointed out that it was *Movant* who specifically requested that he contact the State to inquire whether the State's prior proposed plea agreement (that Movant receive a suspended imposition of sentence and be placed on five years' probation) was still on the table after Movant initially rejected that deal.

We first note that "[t]he motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including a movant's testimony." *Whitley v. State,* 501 S.W.3d 531, 535 (Mo. App. E.D. 2016).  Given the motion court's denial of Movant's Rule 24.035 motion, it is clear that the motion court believed Movant's plea counsel's testimony (that he explained self-defense) over Movant's.  Moreover, when examining Movant's testimony during the evidentiary hearing that not only contradicted itself, but also contradicted the testimony she gave before the plea court, there is scant evidence to even suggest that the motion court clearly erred in denying Movant's PCR motion.  In addition, Movant's own testimony during the plea hearing—that she was satisfied with her counsel's services—contradicts her PCR claim that she was unhappy or dissatisfied with her plea counsel because he did not inform the court of Victim's history as a "woman beater" or that plea counsel did not explain or advise on self-defense—the most logical defense to a violent crime. *See Muhammad v. State,* 367 S.W.3d 659, 663 (Mo. App. E.D. 2012) (noting that "[s]elf defense is not a technical or sophisticated

---

[4] Movant initially told police that Victim went outside to his vehicle, and that he came back inside his residence bleeding, having been stabbed.  Following this statement, the police told Movant that Victim's blood trail led outside of his residence, not inside.  Subsequently, Movant changed her version of events, claiming that she stabbed Movant in self-defense because he was choking her.

11

legal defense that is beyond the knowledge of a lay person" and does not require "specialized legal knowledge"). Rather, plea counsel's testimony indicates that he merely advised Movant that a self-defense claim was unlikely to succeed because of the facts of Movant's case; such advice does not render Movant's plea involuntary, and Movant has thus failed to show that her plea counsel was ineffective for failing to advise her on self-defense. *See Nesbitt v. State,* 335 S.W.3d 67, 69 (Mo. App. E.D. 2011) ("Mere prediction or advice of counsel will not lead to a finding of legal coercion rendering a guilty plea involuntary.").

Further, while Movant claims that her plea counsel unreasonably failed to inform her about the applicability of battered spouse syndrome in this case, battered spouse syndrome is not a defense by itself, but rather "augments a claim of self-defense." *Francis v. State,* 183 S.W.3d 288, 299 (Mo. App. W.D. 2005). "A claim of self-defense, supported by battered spouse syndrome, however, requires an intentional act." *Id.* The record (particularly Movant's testimony at the evidentiary hearing) demonstrates that Movant has attempted to simultaneously claim that (a) she did not stab Victim, and (b) that if she did stab Victim, she did so in self-defense. These contrasting claims date back to when Movant relayed to the police differing versions of the events that led to Victim being stabbed. Such repeated about-faces regarding whether Movant did or did not stab Victim are unsupportive of the necessary intentional act required to show that Movant acted in self-defense and that battered spouse syndrome applied, if she did indeed stab Victim. *See id.* at 299−300; *see also Jones,* 495 S.W.3d at 791. Additionally, Movant did not present any expert testimony from a psychiatrist or psychologist at the evidentiary hearing to support that she might have suffered from battered spouse syndrome when she stabbed Victim. Movant has thus failed to demonstrate that her plea counsel erred in failing to advise her on the applicability of battered spouse syndrome to her self-defense claim. Movant's own varying statements to police, Movant's contradictory testimony from both the plea hearing and evidentiary hearing, and an eye witness who saw Movant re-enter the residence after being locked out by Victim all disprove Movant's potential self-defense claim (which would only be augmented by battered spouse syndrome).

And even if counsel did err in doing so, Movant has not shown that she was prejudiced in this case. The aforementioned weakness of a self-defense claim in this case—where Movant changed her version of events when talking to the police and where she had the opportunity to leave the situation after she was locked out of the residence—leaves us unpersuaded that Movant would not have pleaded guilty even if her plea counsel would have advised her on the applicability of battered spouse syndrome.

## V. Conclusion

Examining the evidence presented before the motion court, we find that Movant has failed to demonstrate by a preponderance of the evidence that her plea counsel was ineffective by failing to advise her on self-defense or the applicability of battered spouse syndrome. Thus, the motion court did not clearly err in denying Movant's Rule 24.035 motion. Movant's points on appeal are denied. Based on the foregoing, we affirm the judgment of the motion court under Rule 84.16(b).

Colegrove v. State, No. ED 105877 (Resp. Ex.7, ECF No. 11-7).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court set forth the standard governing ineffective assistance of counsel claims in Strickland. To establish ineffective assistance, a petitioner must show (1) her counsel's performance was deficient, or that it "fell below an objective standard of reasonableness," and also that (2) "the deficient performance prejudiced the defense." Id. at 687-88. Strickland provides a "highly deferential" standard to review ineffective assistance of counsel claims by having courts "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington, 562 U.S. at 104 (quoting Strickland, 466 U.S. at 689).

On federal habeas review, this Court does not determine whether Petitioner's plea counsel provided effective assistance, but instead examines "whether the state court's application of the Strickland standard was unreasonable." See Harrington, 562 U.S. at 101; see also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). The standard on federal habeas review "is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Instead, the Court must determine "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 105. "Counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Gray v. Norman, 739 F.3d 1113, 1117 (8th Cir. 2014) (quoting Strickland, 466 U.S. at 690). "Where a state court concludes that there was no ineffective assistance under this 'highly deferential' standard, a federal

court then must review counsel's performance under the 'deferential lens of § 2254(d).'"   Id. (quoting Cullen v. Pinholster, 563 U.S. 170, 190 (2011)).

On post-conviction appeal, the Missouri Court of Appeals applied a standard identical to Strickland.  The court found that defense counsel testified he explained to Petitioner the weakness of a self-defense theory in light of her changing story to police regarding the events of the crime, after her initial story of a different attacker was refuted by physical evidence.  The court further found defense counsel testified he did not think battered spouse syndrome applied under the facts of the case because a neighbor witnessed that the victim locked Petitioner out of the house, thus giving her the opportunity to leave, and Petitioner stabbed the victim after he let her back inside. The court found that Petitioner's sworn testimony at her guilty plea contradicted her post-conviction claims, and noted that Petitioner asked defense counsel to contact the State to see if an offer for probation could be put back on the table.  The court rejected the claims that counsel acted ineffectively, and that Petitioner was prejudiced.

The Court determines that the Missouri Court of Appeals' application of the Strickland standard to these claims of ineffective assistance of defense  counsel was not unreasonable for the reasons stated by that court.  See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101.

Grounds One and Two will be denied.

B.  Ground Three

In Ground Three, Petitioner reiterates the claims of Grounds One and Two, asserting there was "evidence to support her claims of self-defense, battered spouse syndrome, etc., and ineffectiveness of counsel," and adds the conclusory allegation that the State courts "erred in failing to respond to issues raised in motion and Legal File that supported claim." (ECF No. 1 at 8.)  This ground fails for the reasons discussed above with respect to Grounds One and Two.  And Petitioner's conclusory assertion the State courts "failed to respond to issues" that supported her

claim is simply insufficient to warrant federal habeas relief.  See, e.g., <u>Bryson v. United States</u>, 268 F.3d 560, 562 (8th Cir. 2001) (affirming dismissal of habeas allegations that were "brief, conclusory and fail to cite to the record.").

Ground Three will be denied.

### Conclusion

For the foregoing reasons, the Court concludes that the grounds in Petitioner Jennifer A. Colegrove's Petition for Writ of Habeas Corpus are either procedurally barred or fail on the merits, and must be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** Petitioner Jennifer A. Colegrove's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Jennifer A. Colegrove has not made a substantial showing of a denial of a constitutional right or that it is debatable whether the Court's procedural rulings are correct, and this Court will not issue a Certificate of Appealability.


_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>28th</u> day of February, 2022.


15